IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jesse L. Franklin, | : | |
| Petitioner | : | Civil Action 2:10-cv-00608 |
| v. | : | Judge Frost |
| Robin Knab, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Petitioner Jesse L. Franklin, a state prisoner, brings this action for a writ of habeas corpus under the provisions of 28 U.S.C. §2254.  This matter is before the Magistrate Judge on respondent's October 1, 2010 motion to dismiss (doc. 6) and petitioner's October 12, 2010 motion to amend his petition (doc. 7).

Franklin was charged with  three counts of rape in violation of Ohio Revised Code § 2907.02 by the September 2007 Term of the Franklin County, Ohio Grand Jury. (October 1, 2010 motion to dismiss, Exh. 1, Doc. 6-2, PAGEID ## 53-57). On July 22, 2008, Franklin signed a plea agreement and entered pleas of guilty to two counts of sexual battery and was classified as a Tier III offender with registration duties. (*Id.,* Exh. 2, Doc. 6-2, PAGEID ## 58-59). On September 12, 2008, a sentencing hearing was held. The trial court sentenced Franklin to consecutive four year terms on each sexual battery count, for a total sentence of eight years. (*Id.,* Exh. 3, Doc. 6-2, PAGEID ## 60-62).

The petition alleges that Franklin is in custody in violation of the laws of the

United States because:

> GROUND ONE: Trial court erred when it imposed a prison term of eight years upon the defendant while imposing a three year term upon the co-defendant who was involved in the same identical conduct. Same judge, same prosecutors, exact same charges, offered the same plea deal to two counts of sexual battery.
>
> GROUND TWO: Court erred when it applied Senate Bill 10 to an offense that predated the new legislation, Article I in violation of the ex post facto provision of Article I, Section 10, of the United States Constitution.
>
> GROUND THREE: The application of the provisions of the Senate Bill 10 to those convicted of offenses committed before its effective date violates the ban on retroactive laws set forth in Article II, Section 28, of the Ohio Constitution.

The motion to dismiss argues that Franklin has failed to exhaust his Ohio court remedies for these claims because, although he raised them in his appeal to the Ohio Court of Appeals, the Supreme Court of Ohio has yet to rule on them.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). In Ohio, this includes direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief under Ohio Revised Code §2953.21. *Manning v. Alexander*, 912 F. 2d 878 (6th Cir. 1990). A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed. *Rose v. Lundy,* 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Pilette v.*

*Foltz,* 824 F. 2d 494 (6th Cir. 1987).

Petitioner Franklin took a direct appeal from this conviction, asserting the following errors:

1. The trial court erred when it imposed a prison term of eight years upon the defendant while imposing a three-year term upon the co-defendant, who was involved in the same identical conduct, in violation of the court's obligation to sentence uniformly and fairly and the defendant's right to equal treatment under the law. (Tr. 20, 23; Judgment entry.)

2. The trial court erred in imposing consecutive sentences because the only statutory authority for imposing consecutive terms was held to be unconstitutional in State v. Foster (2006), 109 Ohio St.3d. 1. (Judgment Entry: Tr. 23.)

3. The Ohio Supreme Court in State v. Foster, 109 Ohio St. 3d, 2006-Ohio-856, erroneously held that Ohio's statutory scheme, that required judges to make certain findings of fact before consecutive sentences could be imposed, was unconstitutional and therefore committed error when it ruled that this portion of the law was unconstitutional and had to be excised. The trial court likewise committed error when it followed this unconstitutional ruling. (Judgment entry; 9/9/08, Tr. 29.)

4. Trial counsel was ineffective for failing to properly raise a challenge to the unlawful imposition of consecutive sentences in violation of the defendant's Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

5. The trial court committed plain error when it imposed consecutive sentences upon the defendant without making the required findings of fact. (9/9/08, Tr. 23.)

6. The trial court erred when it applied Senate Bill 10 to an offense that predated the effective date of the new legislation in violation of the Ex Post Facto provision of Article I, Section 10, of the United States Constitution. (Tr. 23.)

    7. The application of the provisions of Senate Bill 10 to those convicted of offenses committed before its effective date, but sentenced after that date, violates the ban on retroactive laws set forth in Article II, Section 28, of the Ohio Constitution. (Tr. 23.)

(*Id.,* Exhs. 4 and 5, Doc. 6-2, PAGEID ## 63-100). On June 9, 2009, the Court of Appeals overruled each of Franklin's assignments of error and affirmed the judgment of the trial court. (*Id.,* Exhibit 8, Doc. 6-2, PAGEID ## 79-140.).

On July 7, 2009, Franklin filed a timely notice of appeal to the Supreme Court of Ohio asserting following propositions of law in his memorandum in support of jurisdiction:

    1. The application of S.B. 10, Ohio's version of the Adam Walsh Act, to those convicted of offenses committed before its effective date, violates the ex post facto prohibition of Article I, Section 10 of the United States Constitution.

    2. The application of S.B. 10, Ohio's version of the Adam Walsh Act, to those convicted of offenses committed before its effective date, violates the ban on retroactive laws set forth in Article II, Section 28, of the Ohio Constitution.

    3. A trial court has a statutory and constitutional right to sentence defendants uniformly and fairly and it is a violation of the defendant's right to due process and equal protection under law when he is sentenced to eight years and a co-defendant receives three years for committing the same offense when there is no reason in the record to justify such disparate sentences.

(*Id.,* Exhs. 9 and 10, Doc. 6-2, PAGEID ## 141-159). On October 14, 2009, the Supreme Court of Ohio accepted the appeal on propositions of law 1 and 2, above, and stayed the case pending a decision in *State v. Bodyke,* S.Ct. Case No. 2008-2502. (*Id.,* Exh. 12, Doc. 6-2, PAGEID # 138). Then on August 17, 2010, the Supreme Court of Ohio ordered that

the case no longer be stayed for ending a decision in *State v. Bodyke*, but instead until decisions were made in *In re Smith,* S.Ct. Case No. 2008-1642, *State v. Williams,* S.Ct. Case No. 2009-0088 and *In re Adrian,* R. S.Ct. Case No. 2009-0189. (*Id.,* Exh. 13, Doc. 6-2, PAGEID # 130). Briefing of petitioner Franklin's appeal was stayed. The appeal remains pending.

Finding that petitioner Franklin has not exhausted his Ohio court remedies for the claims pleaded in the petition because his appeal is still pending before the Supreme Court of Ohio, the Magistrate Judge RECOMMENDS that this case be DISMISSED. When the Supreme Court of Ohio rules on his appeal, petitioner may file his petition for federal habeas corpus raising the claims he presented to the Court of Appeals and the Supreme Court of Ohio.

Petitioner Franklin's October 12, 2010 motion to amend his petition (doc. 7) is DENIED for the same reason. None of the claims he attempts to add have been fairly presented to and decided by the Ohio Court of Appeals and the Supreme Court of Ohio.

WHEREUPON, the Magistrate Judge RECOMMENDS that the petition be dismissed because petitioner has failed to exhaust his Ohio court remedies.

If any party objects to this Order, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Order and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B)l; Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Order will result

in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                    s/Mark R. Abel
                                                    United States Magistrate Judge